GARDNER *v.* MOORE.

A plea in abatement by a *feme covert* defendant is not the proper mode in this court of taking objection to her being sued as a *feme sole.* Therefore, where a judgment had been obtained against a woman as a *feme sole* and a judgment creditor's bill was thereupon filed against her alone, treating her still as a *feme sole,* and a plea in abatement, alleging her coverture, was interposed, such plea was overruled with costs.

A judgment-creditor's bill against "Sarah Moore." Plea in abatement: that she was married to one William Smith, who was yet living.

Mr. *H. M. Western,* in support of the plea.

Mr. *G. B. Hall,* for the complainant.

THE VICE-CHANCELLOR:—The judgment was recovered against the defendant as a *feme sole;* and whether she was a married woman at that time does not appear. Upon the bill being filed to discover property liable to be applied in satisfaction of the judgment, she pleads in abatement of the bill that at the time of exhibiting the same, she was married to one Smith, who is still living; and the cause comes before the court upon the sufficiency and propriety of this plea as a protection to her for not answering.

In all the books of chancery forms and treatises on equity pleading and practice, no trace is to be found of a plea in abatement of a defendant's coverture; although we have frequent mention and precedents of a plea of a plaintiff's coverture or other disability to exhibit a bill without the intervention of a next friend, committee or the like. Thus furnishing a pretty strong argument that a plea in abatement is not the proper mode in this court of taking the objection by

*1834.*

*Plea.*
*Feme covert*
*sued as feme*
*sole.*
*Party.*

a feme covert to being sued alone ; and I have no hesitation in saying that it is not the proper course in a case like the present.

As she is here the debtor in the judgment, this defendant is, at least, a necessary party to the bill ; and although she has become *covert*, yet she may have property secured to her separate use and at her disposal. Now, with respect to such property, this court looks upon a *feme covert* as a person distinct from her husband. In a suit to charge her estate, he must be made a party ; but still a mere formal party, (Clancy, 358,) for she is treated as a *feme sole*, and may be compelled to answer.

If, in such a case or in any other, where the wife is a necessary party to a bill as a defendant, her husband is not joined, the objection may be taken by demurrer, provided the fact appear upon face of the bill ; and if such be the case, and it does not appear upon the bill, then the point can be had by plea or be put into the answer. In all which cases the complainant is driven to the necessity of amending, by adding the husband as a party. But the omission, in the first instance, to make him a party, ought to be no ground for abating the suit and putting the bill out of court—any more than in the ordinary case of the non-joinder of all proper persons as defendants.

For these reasons, the plea must be overruled as a plea in abatement. If the fact of coverture exists, the defendant must be left to present it in some other form, and unless the complainant seeks, by an amendment, to make the husband a party he will probably find a difficulty in obtaining a hearing of the cause.

It is unnecessary to consider the objections which have been taken to the form of the plea. Let it be overruled, with costs.